[No. 20892.   Department Two.   March 20, 1928.]

C. T. HARDINGER *et al., Appellants,* v. JOHN N. LYONS
*et al., Respondents.*[1]

[1] LANDLORD AND TENANT (105)—RENT—PERSONS LIABLE—TRANSFER
OF AGREEMENT.  Where a tenant of premises, with the consent
of the landlord, transfers the lease to a third party, the abandon-
ment of the property by the latter does not render the original
lessee liable for the rent of the unexpired term.

Appeal from a judgment of the superior court for
King county, Carey, J., entered June 28, 1927, dis-
missing an action for the recovery of rent.  Affirmed.

*George V. Ostroth* and *C. T. Hardinger,* for appel-
lants.

*Butler & Weiss,* for respondents.

ASKREN, J.—Plaintiffs brought this action to recover
rental of real property alleged to have been leased to
defendants Lyons and by them sublet to defendants
Kawashima.

From a judgment of dismissal as to the defendants
Lyons, this appeal was taken.

[1] The evidence established the following facts:
Appellants as owners of certain real property in
Seattle, leased the same to respondents in July, 1923,
for a period beginning October 1, 1923, and ending
December 31, 1925.  This lease was unacknowledged
and unrecorded.  Respondents took possession and
held the full term of the lease.  In January, 1926, both
parties signed an extension of the lease running until
November 1, 1926.  In September, 1926, Lyons decided
to sell the business he was conducting on the premises
in question, and with full consent of the appellant he
sold the same to Kawashima, the bill of sale being

¹Reported in 265 Pac. 166.

prepared by appellant who was an attorney. It was understood at the time that Lyons was leaving the premises and that all future relations were to be between Kawashima and appellant. Lyons left Seattle for the east and Kawashima took possession and made payments of the rent as required until April, 1927, at which time he abandoned the property. There was a dispute as to some of the matters we have detailed, but the trial court found these facts, and an examination of the record does not disclose that the evidence preponderates against them. About the time of the sale to Kawashima, appellant wrote a letter addressed to Lyons in which he extended the lease until November 1, 1927, and it is his contention that the original lease, although unacknowledged as required by law, became extended, that it was an extension to Lyons, and that Kawashima was but a sub-tenant. The question of the validity of the extension of an unacknowledged, but fully performed, lease need not here be decided. The facts found by the court show that the extension, if any, was made under conditions which made it operate as to Kawashima and not as to Lyons.

The judgment is affirmed.

MACKINTOSH, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.